418 So.2d 64 (1982)
Joe Barnett BRADSHAW
v.
Rosalynde Johnston BRADSHAW.
No. 53356.
Supreme Court of Mississippi.
August 11, 1982.
Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, William G. Willard, Jr., Clarksdale, for appellant.
Sullivan, Hunt, Spell, Shackelford & Henson, F. Ewin Henson, III, Clarksdale, for appellee.
Before WALKER, P.J., and BROOM and ROY NOBLE LEE, JJ.
WALKER, Presiding Justice, for the Court:
This is an appeal from the Chancery Court of Tallahatchie County, Mississippi, wherein appellant's petition for modification of a divorce decree entered May 11, 1976, was dismissed for lack of jurisdiction. Aggrieved with the lower court's decision, appellant has perfected his appeal to this Court. We reverse and remand.
In 1976 Rosalynde Bradshaw, appellee, was granted a divorce from Joe Bradshaw, appellant, while both were residents of Tallahatchie County. Appellant was awarded custody of the couple's son while custody of their two minor daughters was awarded to appellee, both parties to have reasonable visitation privileges with the children.
On September 30, 1980, four months after appellee and her youngest daughter, Barbara Ann, had moved to the State of Florida, the appellant filed a petition for modification in the Chancery Court of Tallahatchie County, seeking custody of Barbara Ann on the basis that there had been a material change in circumstances since the original decree was rendered or in the alternative an interpretation of the term "reasonable visitation rights."
There is no question raised as to whether or not appellee was served with notice of the proceedings against her. On October 6, 1980, she acknowledged receipt of a copy of the order of publication to non-resident defendants sent by certified mail. Process was also secured pursuant to Mississippi Code Annotated section 13-3-19 (1972) by publication in the Sun Sentinel.
The chancellor, upon special appearance of appellee, quashed process of publication and dismissed appellant's petition for modification holding the court lacked jurisdiction to modify the original decree as the appellee and the couple's daughter became residents of the State of Florida prior to commencement of appellant's petition.
The appellant asserts the lower court rendering the original divorce decree retains jurisdiction to subsequently modify its custody order even after the custodial parent *65 and child have moved from the State. We find appellant's assertion to be well taken. This matter is controlled by Campbell v. Campbell, 357 So.2d 129 (Miss. 1978), a case involving modification of an award of child support against a defendant on process by publication. We stated that it is well settled that chancery courts may modify final decrees concerning such matters as alimony, custody of children and child support. Further, such courts retain personal jurisdiction over the parties even though one party has left the State and a decree may be modified on notice by publication in lieu of personal service of process when the requirements of section 13-3-19 are met.
The appellee wants us to distinguish between those cases involving a petition to modify child support and those involving petitions to modify child custody, but we can see no logical distinction that would alter the ruling in Campbell involving the court's jurisdiction.
Although it has no application to this case, we call the Bench and Bar's attention to the Uniform Child Custody Jurisdiction Act (Miss.Gen. Laws, Ch. 414, Senate Bill 2088 (1982), which became effective July 1, 1982).
We, therefore, reverse and remand this cause for a trial on the merits of appellant's petition.
REVERSED AND REMANDED.
PATTERSON, C.J., SUGG, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.