445 So.2d 1380 (1984)
Shirley Ann MARASCALCO
v.
Robert MARASCALCO.
No. 53955.
Supreme Court of Mississippi.
February 22, 1984.
R.E. Parker, Jr., David M. Sessums, Varner, Parker & Sessums, Vicksburg, for appellant.
H.M. Yoste, Jr., William R. Lancaster, Bodron & Yoste, Vicksburg, for appellee.
Before PATTERSON, C.J., and PRATHER and ROBERTSON, JJ.
*1381 ROBERTSON, Justice, for the Court:

I.
On April 16, 1981, Robert Marascalco, complainant below and appellant here, filed against his ex-wife, Shirley Ann Marascalco, a petition to modify the child custody provisions of a final decree of divorce. He alleged a material change in circumstances since the July 11, 1979 divorce of the parties and the original decree's vesting in his ex-wife of primary custody of the two minor children, namely, Laurie Ann Marascalco, then age eight, and Amy Elizabeth Marascalco, then age five. He argued that, as a result of this change of circumstances, custody of the children should be placed with him.
The chancellor listened carefully and patiently to all of the evidence, and made two not insignificant alterations in the original custody order, each favorable to Robert. Not content, Robert presents us with another of those appeals which naively intimates "that we possess more of the wisdom of Solomon than the chancellor". Cheek v. Ricker, 431 So.2d 1139, 1141 (Miss. 1983). Our task is made all the more complex here by the fact that we are asked to alter custody today on the basis of a record made at a hearing held May 25, 1981, some 33 months ago. Common sense tells us that surely any change in custody we might make in such a context would be disastrous for the parties and more importantly for the two minor children.
Though we keep well in mind our familiar rules regarding our scope of review in these cases, we are disturbed by the record before us. There is a sense in which we sit as "chancellors" in cases such as this. See, e.g., Eggleston v. Landrum, 210 Miss. 645, 654, 50 So.2d 364, 367 (1951); Case v. Stolpe, 300 So.2d 802, 804 (Miss. 1974). Because as appellate judges we are necessarily blinded to all that has happened since May 25, 1981, we affirm. As chancellors we remand for an up to date consideration of the best interests of these two minor children.

II.
Robert and Shirley were divorced on July 11, 1979. The divorce was granted on grounds of "irreconcilable differences". See Miss. Code Ann. § 93-5-2 (Supp. 1983). Incident to the divorce proceedings, the parties agreed that the primary custody of the two minor children, Laurie Ann Marascalco and Amy Elizabeth Marascalco, would be vested in their mother, Shirley Ann Marascalco. Robert Marascalco, their father, was given reasonable visitation rights.
Shortly after the divorce decree was entered, Robert remarried and moved to Gainesville, Georgia, where he is engaged in the practice of medicine as an orthopedic surgeon. Shirley Ann and the two children moved to Grenada where they initially lived with Shirley's mother. Approximately a year later Shirley and the children moved to Jackson where they resided at the time of the hearing below.
No useful purpose could be served by reciting the details of the testimony at the bitterly contested adversary proceeding below. Still, an important context for this appeal is the evidence that, off and on for years, Shirley has had a serious drinking problem. The chancellor did not find Shirley's drinking sufficient to require a change of primary custody.[1] He did, however, find enough of a change of circumstances to request that
the Madison County Welfare Department shall make periodic, but unannounced inspections of the conditions, circumstances and environment in which these children live while in the custody of their mother, Shirley Ann Marascalco. The said welfare department shall report to this court the results of these inspections."
*1382 The chancellor assessed against Robert attorney's fees in the amount of $1,000.00 plus costs.
Robert has perfected his appeal to this Court and urges that we reverse the decree of the chancellor and vest in him the permanent care, custody and control of the two minor children.

III.
The rules regulating our scope of review in cases such as this are well established and familiar.
First, a decree for child custody should not be modified so as to change custody from one parent to the other unless, subsequent to the original decree, there has been a material change in circumstances which adversely affect the child's welfare. Kavanaugh v. Carraway, 435 So.2d 697, 700 (Miss. 1983); Cheek v. Ricker, 431 So.2d 1139, 1143 (Miss. 1983); O'Neal v. Warden, 345 So.2d 610, 612 (Miss. 1977). Put another way, a change of circumstances which does not adversely affect the welfare of the child would, as a matter of law, be an immaterial change. In modification cases, as in original awards of custody, we never depart from our "polestar consideration: the best interest and welfare of the child", Albright v. Albright, 437 So.2d 1003, 1005 (Miss. 1983).
Second, findings of fact made by a chancellor may not be set aside or disturbed upon appeal if they are supported by substantial, credible evidence. See, e.g., Culbreath v. Johnson, 427 So.2d 705, 707-708 (Miss. 1983); Cheek v. Ricker, 431 So.2d 1139, 1143 (Miss. 1983); Kavanaugh v. Carraway, 435 So.2d 697, 700 (Miss. 1983). With respect to issues of fact where the chancellor made no specific finding, we assume that the chancellor resolved such issues in favor of appellee. Cheek v. Ricker, 431 So.2d 1139, 1143-1144 (Miss. 1983); Harris v. Bailey Avenue Park, 202 Miss. 776, 791, 32 So.2d 689, 694 (Miss. 1947).
In considering child custody modification cases, the chancellors must necessarily allow full and complete proof with respect to all circumstances and conditions directly or indirectly related to the care and custody of the children, existing, first, at the time of the original decree of divorce, and, second, at the time of the modification hearing.
Applying our established principles of appellate review, we have no choice but to affirm the decree entered by the learned chancellor on July 6, 1981. We specifically applaud the chancellor's creativeness in requesting the assistance of the Madison County Welfare Department in assuring that the best interest of these children were protected. While we have before us nothing that has occurred since the July 6, 1981 decree  such being the nature of appellate proceedings  we trust that the Madison County Welfare Department has been more than cooperative and express our appreciation to the dedicated servants of that agency for their concern and assistance.

IV.
This does not end the matter. As is apparent from the record before us, these children have lived the better part of their lives in a volatile environment. While we affirm the decree of July 6, 1981, we remand the case to the Chancery Court of Warren County, Mississippi and direct that a hearing be held as soon as may be reasonably practicable. At that hearing the chancellor is directed to inquire into the circumstances of the children at this time and to determine whether the present custody arrangement is in their best interests. The chancellor, of course, is empowered to make such decree as may be appropriate by reference to the facts and circumstances disclosed at such a hearing.
Our direction for an updating custody hearing hardly suggests that matters respecting the custody of these children can only be resolved by litigation in an adversary context. We earnestly solicit the parties, each acting out of primary concern for the welfare of the children, to consider the possibilities of presenting to the chancellor an agreed decree (which may or may not alter the decree of July 6, 1981). Our directions that the chancellor hold a full *1383 evidentiary hearing on the present circumstances of the children is made because of our realistic apprehension that the parties will no more be able to agree today than they were almost three years ago. See Cheek v. Ricker, 431 So.2d 1139, 1142-1143 (Miss. 1983).
Within thirty days of the issuance of this Court's mandate, Robert Marascalco shall pay to Shirley Ann Marascalco the sum of $500.00 as attorney's fees incident to this appeal. All costs incident to this appeal are also taxed to Robert Marascalco.
We further direct, with respect to the evidentiary hearing which we have directed that the chancellor hold as soon as is reasonably practicable, Robert Marascalco should be directed to pay to Shirley Ann Marascalco a reasonable attorney's fee to be set by the chancellor under all of the circumstances then appearing, plus costs, regardless of whether a change in the custody of the children be ordered or not.
AFFIRMED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER and SULLIVAN, JJ., concur.
NOTES
[1] The chancellor altered the custody provisions of the prior decree so that the children would spend the bulk of their summer vacations with Robert at his home in Gainesville, Georgia, plus alternating holidays. On this appeal no one complains of this modification of the original custody arrangements.