This is an appeal from a modification order of the Chancery Court of Neshoba County, wherein the appellee, Ferrell Alexander, was awarded custody of the parties' two minor children. This case involves the applicability of the Uniform Child Custody Jurisdiction Act, in that the appellant (custodial parent) and children were residents of Texas.
Ferrell Alexander and Brenda Alexander were divorced in Neshoba County in 1979. The divorce decree, based on irreconcilable differences, awarded custody of the two minor children to Mrs. Alexander with Mr. Alexander having specified visitation rights.
After the divorce, Mrs. Alexander and the children moved several times and the children then went to stay with Mr. Alexander, who had remarried and remained in Neshoba County. The children stayed there for eight months by agreement of the parties, so that Mrs. Alexander could get *Page 1346 
back on her feet financially. During this period Mrs. Alexander was remarried to Sandy Siegel and the children were later moved to Alice, Texas, with Mr. and Mrs. Siegel in July 1982. They subsequently moved to San Antonio, Texas, where they currently reside.
Mr. and Mrs. Siegel experienced a turbulent marriage, with frequent episodes of violence between them. In 1983 Mr. Alexander, having learned of the violent situation in Texas, kept the children in Mississippi after the end of their summer visitation period, in violation of the existing court decree. Alexander subsequently returned the oldest child, Jennifer, but Mrs. Siegel had to come to Mississippi and physically take the younger child, Michael, from Alexander's home.
The children were returned to Alexander on June 10, 1984, for summer visitation and he again kept them past the return date in violation of the decree. He alleged the Texas situation was unsafe. Mrs. Siegel returned to Mississippi and took Michael from the grounds of the Neshoba County Fair, but Jennifer refused to go and remained in Alexander's custody by her own election.
In June 1983, Mr. Alexander filed a motion to modify judgment, seeking custody of the children on the grounds of a substantial and adverse change in circumstances. This motion was filed in Neshoba County and amended in January 1984. Mrs. Siegel filed a motion to dismiss, alleging lack of jurisdiction under the UCCJA and specifically Mississippi Code Annotated, Sections 93-23-5 and 93-23-13 (1972). She also objected to Mississippi as an inconvenient forum.
The primary issue in this case is whether Mississippi retained jurisdiction under the UCCJA adopted July 1, 1982. The chancellor, adhering to our long standing and traditional practice of exclusive, continuing, original jurisdiction, held that the act applied only to new actions and not modifications. As stated by the chancellor:
 I believe that jurisdiction of this court to deal with a modification attached when the divorce was tried. I do not think there is any argument between the parties that at that time Mississippi was the residence of both of the parties and both of the children and that this court then had jurisdiction. That divorce was rendered before the adoption of the Uniform Child Custody Jurisdiction Act.
We are of the opinion that the act applies, as it explicitly states, to an "initial or modification decree," if it meets the provisions of the act.
The application of the UCCJA was recently presented before this Court as a case of first impression in Walker v. Luckey,474 So.2d 608 (1985), and not yet reported. In this case Mr. and Mrs. Walker were divorced in Simpson County, Mississippi, in 1979. The divorce decree awarded permanent, primary custody of their minor son, Jeremy, to Mrs. Walker. Mr. Walker moved to Florida in 1981 and was a resident there at the time of this action. In 1981, Mrs. Walker asked Mr. Walker to assume care of the child for an indefinite period. In 1982 he obtained a Florida decree modifying the custody order to grant him primary, joint custody. Mrs. Walker abided by the Florida decree until 1983 when she refused to return the child after summer visitation in Mississippi and filed a petition in Mississippi to void the Florida court order. The chancellor held that Mississippi was the home state of the child and that Florida lacked jurisdiction over the matter. This Court reversed that decision, holding that the decision of the Florida court met all the requisites for jurisdiction under the UCCJA, stating:
 If the UCCJA is to have any teeth at all, we must permit it to work in the manner in which it was intended — to give "Interstate Jeremy," and other children in his situation, some sense of permanence and stability in their homes.
The children in the case at bar had resided in Texas for a period of a year prior to initiation of this action and for two years prior to the date of the trial. Clearly, Texas is the home state of the children. *Page 1347 
The presence of one of the children in the State of Mississippi for two or three months prior to trial, or even at the time of filing, is not significant in this case. Retention of the child in violation of an existing, valid decree will not serve to confer jurisdiction where it otherwise would not exist. The act was designed in fact to counter such manipulation of laws to gain access to forums that are convenient for the petitioner, rather than those that serve the best interests of the child. Since practically all witnesses and all evidence of any substantial changes adversely affecting the children's future care, protection and training lie within the borders of Texas, it would be no more than reasonable to assume that it is the more appropriate forum. It would be in the best interest of the children to embrace the principles of the UCCJA and therefore relinquish jurisdiction to the Texas court, which is in the best position to accurately assess the circumstances of the children domiciled there.
For the foregoing reasons, we reverse the chancellor's findings on the grounds that Texas is the appropriate forum and Mississippi should decline jurisdiction under the Uniform Child Custody Jurisdiction Act.
REVERSED AND RENDERED.
PATTERSON, C.J., WALKER, ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.