576 So.2d 138 (1991)
Rexford V. STOWERS
v.
Susan C. HUMPHREY.
No. 90-CA-0336.
Supreme Court of Mississippi.
February 20, 1991.
Rehearing Denied March 13, 1991.
*139 John Ott, McComb, for appellant.
Michael A. Boland, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and ROBERTSON, JJ.
PRATHER, Justice, for the Court:

I.
This case involves the question of whether the trial court properly found the Mississippi Court lacked jurisdiction under the Uniform Child Custody Jurisdiction Act (UCCJA), Miss. Code Ann. 93-23-1, et seq. and whether the trial court properly stayed its proceedings in favor of proceedings in the Alabama court.
The significant facts of this case begin with the Pike County Chancery Court's granting a divorce to Susan C. Humphrey, (then Stowers), and Rexford V. Stowers on November 26, 1986.[1] The final divorce decree gave Susan custody of the couple's two minor children, Allison Dawn Stowers, aged 14, and Alicia Dianne Stowers, aged 9, with Rex receiving reasonable visitation rights. In June of 1987, Susan moved to Huntsville, Alabama with the two girls.
On July 13, 1988, Rex was granted a modification of the final divorce decree. The record does not disclose any of the details of this modification. On October 30, 1989, Rex again petitioned the Pike County Chancery Court for further modifications of the final divorce decree, i.e. (1) a reduction of monthly child support, (2) an order requiring Susan to provide the girls transportation to Jackson for visits with their father, (3) and an order for the submission to Rex of the girls' report cards, standardized test scores, and notice of any hospitalization of the girls.[2]
On December 5, 1989, Susan filed a complaint in the Circuit Court of Madison County, Alabama, requesting a limitation or, in the alternative, a termination of Rex' *140 visitation privileges.[3] On December 19, 1989, Susan filed a motion in the Pike County Chancery Court, based on the UCCJA, specifically Miss. Code Ann. §§ 93-23-5, 93-23-11, and 93-23-13 (Supp. 1990), to dismiss the October 30 petition, for lack of jurisdiction, or to stay the proceedings and make a determination that the Circuit Court of Madison County, Alabama, was a more appropriate forum and that the Pike County Chancery Court was an inconvenient forum.
At the hearing, the chancellor found that Susan and the girls had resided in Alabama for over 2 and 1/2 years and that Alabama was their home state and that Rex had moved to Hinds County and was no longer a resident of Pike County. The chancellor stated that Mississippi did not have jurisdiction under the UCCJA to modify the final divorce decree; and that the Alabama court was the more appropriate forum to resolve the issues involved. The chancellor stayed the Mississippi proceeding pending a decision by the Alabama court.
Rex appeals the decision and contends the chancellor incorrectly declined jurisdiction and stayed the proceedings of the Mississippi court under the UCCJA and that he erred in basing his decision on Rex's presence in Hinds County.

II.
First, as in all cases coming before this Court, it is important to establish the standard of review. The findings made by a chancery court sitting as a finder of fact are reviewed under the substantial evidence/manifest error standard. Shearer v. Shearer, 540 So.2d 9, 11 (Miss. 1989). This standard provides that the findings of the chancellor will not be reversed if supported by substantial evidence; or that the finding will be upheld unless manifestly in error. Applying this standard, the Court turns now to the law.
The application of the UCCJA in a dispute over jurisdiction between two states is a three step process. A court must first determine if it has authority, or jurisdiction, to act following the guidelines of § 93-23-5. If a court determines that it does not have jurisdiction the process stops there. However, if that hurdle is cleared, a determination is made as to which court is the more appropriate and convenient forum under the guidelines of § 93-23-13. A court may decline to exercise jurisdiction if it is not the most appropriate or convenient forum. If the court accepts jurisdiction as the more convenient forum, the court must determine if the action to be taken is foreclosed by an order or judgment of the other state court. Hobbs v. Hobbs, 508 So.2d 677, 680 (Miss. 1987).
The jurisdiction provision of the UCCJA states:
§ 93-23-5. Jurisdiction.
(1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
(a) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
(b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with the state, and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships; or
(c) The child is physically present in this state and (i) the child has been abandoned, or (ii) it is necessary in an emergency to protect the child because he has *141 been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent; or
(d)(i) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraph (a), (b) or (c), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (ii) it is the best interest of the child that this court assume jurisdiction.
Miss. Code Ann. § 93-23-5(1) (Supp. 1990).
The UCCJA notwithstanding, this Court has stated that a chancery court that enters the original decree has continuing jurisdiction to subsequently modify its custody order even after the parent and child have moved from the state. Bradshaw v. Bradshaw, 418 So.2d 64, 65 (Miss. 1982). Bradshaw preceded the adoption of the UCCJA by this state; however, subsequent cases interpreting the UCCJA's jurisdiction section do not reject continuing jurisdiction. See Siegel v. Alexander, 477 So.2d 1345 (Miss. 1985); Hobbs v. Hobbs, 508 So.2d 677 (Miss. 1987); Roberts v. Fuhr, 523 So.2d 20 (Miss. 1987) (continuing jurisdiction found because of the existence of a ne exeat bond). A court that enters the original custody decree has jurisdiction to subsequently modify the decree separate and apart from the jurisdictional section of the UCCJA.
Applying this principle to the case sub judice, the chancellor incorrectly found that the Pike County Chancery Court was without jurisdiction. The original divorce and custody decree was made in Pike County, giving that court continuing jurisdiction to make modifications. Even though Susan and the girls moved to another state, the Pike County Chancery Court maintains jurisdiction over the case.[4]
However, the continuing jurisdiction of a court is affected by the application of the UCCJA. The chancellor here found two circumstances that required the issuance of the stay under the UCCJA. One was the fact that the "home state" of the girls had become Alabama. Second, Alabama was a more convenient forum. Though a state has jurisdiction, that state court may decline jurisdiction if it is found to be an inconvenient forum, or there is a more appropriate forum. The UCCJA provides:
§ 93-23-13. Inconvenient forum.
(1) A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.
(2) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.
(3) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:
(a) If another state is or recently was the child's home state;
(b) If another state has a closer connection with the child and his family or with the child and one or more of the contestants;
(c) If substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another state;
(d) If the parties have agreed on another forum which is no less appropriate; and
(e) If the exercise of jurisdiction by a court of this state would contravene any of the provisions of this chapter.
* * * * * *
(5) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced *142 in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.
* * * * * *
Miss. Code Ann. § 93-23-13(1), (2), (3), (5) (Supp. 1990).
A Mississippi court with jurisdiction to modify a custody decree may decline to exercise that jurisdiction if it is an "inconvenient forum" and a court of another state is a "more appropriate forum." Subsection (3) provides that if the other state has a "closer connection with the child and his family or with the child and one or more of the contestants," and substantial evidence concerning their present and future welfare is more readily available in the other state, then the Mississippi court may dismiss or stay the proceeding.
Allison and Alicia clearly have a "closer connection" to Alabama. They have lived in Alabama for 2 and 1/2 years. Also evidence concerning the effects of visitation with their father is more readily available in Alabama than in Mississippi. This being the case, the Mississippi court, even though it had jurisdiction, properly stayed the proceedings on the finding that Mississippi is an inconvenient forum and Alabama has the most appropriate forum.
Though the chancellor incorrectly found that the Pike County Chancery Court did not have jurisdiction, he properly found that Alabama was the more appropriate forum and stayed the Mississippi proceedings. This Court cannot say that this action was manifestly in error; the Court affirms his decision.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN and BANKS JJ., concur.
McRAE, J., not participating.
NOTES
[1] Appellant's brief asserts that the reason for the divorce and the underlying action was the decline in Rex' health. Rex suffered severe burns over much of his body from an explosion at his place of employment. Treatment of the burns required a massive transfusion of blood, from which Rex contracted the HIV (AIDS) virus.
[2] Rex asserted in his petition that due to his health problems he suffered a reduction in income and increased medical expenses. He also had been advised by his physicians to refrain from making the seven (7) hour trip to Huntsville to visit the girls.
[3] Susan alleged in her complaint the girls no longer wanted to visit their father; that the girls had experienced emotional difficulties due to the visits and had to undergo therapy; that Rex is a "health hazard" to the girls because he is infected with the HIV virus; and that continued visitation is not in the girls' best interest.
[4] Due to the application of the principle of continuing jurisdiction, it is not necessary to discuss the effects of Rex' residence in Jackson for medical purposes on the chancellor's decision.