586 So.2d 788 (1991)
H.W. "Sonny" JONES
v.
Ann Jones STARR.
No. 90-CA-0703.
Supreme Court of Mississippi.
September 4, 1991.
Rehearing Denied October 23, 1991.
*789 Leslie C. Gates, Meridian, for appellant.
Brehm T. Bell, Joe Clay Hamilton, David H. Linder, Hamilton & Linder, Meridian, for appellee.
Before DAN M. LEE, P.J., and PRATHER and McRAE, JJ.
McRAE, Justice, for the Court:
This is an appeal of two consolidated proceedings from the Chancery Court of Lauderdale County, involving child custody disputes. We affirm in part and reverse and remand in part on both appeals.
This rather acrimonious dispute between Sonny Jones (Jones) and Ann Jones Starr (Starr) grew into two separate but almost identical suits. Jones sought modification of the original divorce decree so that he could gain custody of his two children. The judge dismissed the suit for lack of jurisdiction. (Case 1) The next day, Jones filed almost an identical complaint. (Case 2) The judge dismissed it as res judicata. These two cases have been consolidated for this appeal.[1]
Jones and Starr were divorced in Lauderdale County, Mississippi, in 1979. The court awarded Starr legal custody of the children, Phillip and Trey. Jones had liberal visitation privileges. Shortly after the divorce, Starr moved to Texas with the two children. In 1988, Starr was having problems with Phillip, who was behaving badly at school. Hoping that his behavior might improve if he were living with his father, Starr asked Jones to keep Phillip in Mississippi for an indefinite period of time. Starr remained in Texas with Trey and her new husband.
Five months later Jones filed a petition in Mississippi seeking to modify the original custody decree so that he would have legal custody of both children. Later, the court held an informal "preliminary" hearing on Jones' motion to modify the custody decree. At the hearing the judge noted that the court certainly would not have jurisdiction over Trey because he was in Texas, so he advised Jones to file in Texas. Jones' original complaint asked for custody of both children so they would not be separated. The judge informed the parties that if a proceeding were filed in Texas, then he would consult with the judge in Texas as to *790 whether or not a hearing could be held for both children in either Mississippi or Texas to avoid conflict in the the courts' decisions.[2]
Jones did not file in Texas, and, at the hearing, announced that he no longer wanted custody of Trey, the child who remained in Texas, but only of Phillip. The judge decided that he would have to dismiss the complaint for lack of jurisdiction and noted that Texas would be the best place to try the lawsuit. Also, the judge, over vigorous objection, ordered that Jones return Phillip to Starr because she had custody under the original decree. That same day, Starr took Phillip to Texas.
The next day, Jones filed an identical complaint seeking custody of Phillip. (Case 2) By this time obviously Phillip had been in Mississippi for more than the statutorily required six months.[3] Starr counterclaimed against Jones, claiming that his complaint was frivolous and filed merely to cause her emotional distress. Later she amended the complaint to include a demand for attorney's fees.
Finally, at the hearing on Case 2, Starr moved to amend the complaint to include reimbursement for Phillip's medical expenses. This claim was contained in the counterclaim in Case 1 but it was never decided. Then, apparently it was inadvertently omitted from the counter complaint in Case 2. The judge allowed the amendment despite Jones' res judicata objection.
The judge dismissed Jones' second identical complaint for a change of custody on the grounds of res judicata, found Jones to be in contempt for failing to pay child support and ordered him incarcerated. Further, the judge ordered that Jones pay Starr's attorney's fees and reimburse her for the medical expenses she incurred in treating Phillip.

Jurisdiction

No. 90-CA-703 (Case 1)
First Jones argues that the court erred when it found that it did not have jurisdiction in Case 1. The judge based this decision on the fact that Phillip had been in Mississippi for less than six months and Trey had been continuously living in Texas. For these reasons, the judge concluded that Mississippi was not the home state of either child and, therefore, it did not have jurisdiction in the case.
It is clear, however, that the court did have continuing jurisdiction over both Phillip and Trey. This is true even though Mississippi was not the "home state" of either child. As a matter of state law, a court that enters the original custody decree has jurisdiction to subsequently modify the decree separate and apart from the jurisdictional section of the UCCJA. Stowers v. Humphrey, 576 So.2d 138, 141 (Miss. 1991).
Recently, this Court discussed the three prerequisites to continuing jurisdiction in the Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A(g) ("PKPA"). Curtis v. Curtis, 574 So.2d 24, 28 (Miss. 1990). The Court noted that the "decree state" could retain continuing jurisdiction consistent with the PKPA if: it had jurisdiction for the initial custody decree; it had current jurisdiction under its own state laws; and a parent or child still resides in the state. Id. It is manifest that the first and third requirements of continuing jurisdiction were met. As for the second, under Stowers, Mississippi had jurisdiction under its own state law. It follows then that Mississippi had continuing jurisdiction over this matter. Curtis, 574 So.2d at 28; see also Note, The Parental Kidnaping Prevention Act: Application and Interpretation, 23 J.Fam.L. 419-36 (1984-85).
The court can decline to exercise its continuing jurisdiction if it is determined there is a more convenient forum. See Miss. Code Ann. § 93-23-13 (Supp. 1990); Stowers, 576 So.2d at 141; Hobbs v. Hobbs, 508 So.2d 677 (Miss. 1987). Under the provisions *791 of this section the court could arguably have found that Texas was a more appropriate forum. In Stowers, the judge, as in this case, incorrectly decided that Mississippi had no continuing jurisdiction. This Court affirmed anyway because the judge also noted that the other state would be a more convenient forum. The Court stated that even though the decision about jurisdiction was incorrect, the decision about the other forum being more convenient was not manifestly in error. Id. at 142. From the record in this case, though, it is difficult to determine if the lower court ruled that Texas was a more convenient forum, as contemplated by the statute. As such, we must reverse and remand Case 1 (90-CA-203) for further proceedings not inconsistent with this opinion.
After determining that it lacked jurisdiction over the matter, the court ordered that Jones immediately return the child to Starr. Starr immediately returned with him to Texas. Jones argues that, because the court declared it lacked jurisdiction to determine the custody issue, it was without power to order Phillip returned to Starr. This argument is incorrect because the court was merely enforcing an already existing court order it issued in 1979. See Stevenson v. Stevenson, 452 So.2d 869, 871 (Ala. Civ. App. 1984); see also Miss Code Ann. § 93-5-23 (Supp. 1990) ("the court may, in its discretion, make all orders touching the care, custody and maintenance of the children of the marriage ..."). The judge merely ordered the parties to abide by the existing decree it issued in 1979 until a court modified it. Therefore, this part of Case 1 is affirmed.

No. 90-CA-203 (Case 2)
In Case 1 Starr counterclaimed against Jones for medical expenses she had incurred by seeking psychological services for Phillip. Jones refused to pay some of the expenses apparently because he didn't believe that the problem could be cured by a psychologist. When Case 1 was dismissed for lack of jurisdiction, the judge was under the impression that there were no other issues to be tried.
The claim appeared again during the hearing for Case 2. At that time, because it had been inadvertently omitted from this counterclaim, Starr orally moved to add it to the counterclaim for Case 2. The judge granted the motion over objection from Jones. Now Jones claims that, because Starr alleged but failed to present this issue in Case 1, it is now barred by the doctrine of res judicata.
To support the claim, Jones cites Clements v. Young, 481 So.2d 263 (Miss. 1985). In that case, the parties were involved in litigation concerning orthodontist bills. The main issue was whether the amount of the bills was reasonable and necessary. Id. at 267. In reaching that issue the Court noted, incidentally, that any bills incurred prior to an earlier decree of modification of child support payments were res judicata because those claims were, or should have been, litigated at that time.[4]Id. at 270. Regardless of the reason for the decision it is clear that it was a decision on the merits. Here there never was a decision on the merits; the underlying claim was dismissed for lack of jurisdiction. Miss.R.Civ.P. 41(b) provides that such a dismissal does not operate as an adjudication on the merits. See Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 4436, 4437 (1981). Stated differently, a prior judgment does not preclude everything that might have been disputed between the parties, but only matters within a certain sphere. See Wright, Miller & Cooper, supra, § 4406 at 45.
Starr obviously made the exact same claim for the exact same medical expenses in Case 1, but the court did not rule in any way on that part of the counterclaim. In fact, no one mentioned it. Jones argues that, because Starr did not press the claim, *792 this should be treated as an election[5] by Starr not to proceed with this cause of action.
It is an interesting argument but it is not supported by any authority. It also flies in the face of the rationale behind Miss. R.Civ.P. 13. The comment to that rule notes that the purpose of the rule "is to grant the court broad discretion to allow claims to be joined in order to expedite the resolution of all controversies between the parties in one suit... ." Adopting Jones' approach would mean that the suit for the medical expenses and the rest of the litigation between the parties would be tried separately: the counterclaim would be tried first and the custody issue would have been left for later determination. Moreover, this Court has noted that "a paramount concern of the judiciary [is] to prevent multiple suits where one will suffice." Comment, Miss.R.Civ.P. 13. Indeed, this entire dispute should have been resolved in Case 1. It would have been, but for the lower court's error in initially failing to find jurisdiction. This part of Case 2 is affirmed.

Attorney's Fees
The court awarded Starr $1,654.00 in attorney's fees for defending Case 2. There was no evidence offered to show that Starr was unable to pay. Generally, it is true that, unless the party can establish inability to pay, attorney's fees should not be awarded by the court. Cheatham v. Cheatham, 537 So.2d 435, 440 (Miss. 1988); Carpenter v. Carpenter, 519 So.2d 891, 895 (Miss. 1988).
In some circumstances the court has affirmed awards of attorney's fees even though neither party was destitute. For example, this Court affirmed an award of attorney's fees because of continuous litigation by one party that appeared calculated to harass the other party or deplete his or her income. O'Neill v. O'Neill, 501 So.2d 1117, 1119 (Miss. 1987). This Court noted that the suit seemed more closely akin to "harassment than a quest for justice." Id. at 1120; see also, Geiger v. Geiger, 530 So.2d 185, 187 (Miss. 1988).
In this case, however, the judge did not make a finding that Jones pursued his litigation merely to harass, nor did he even hint that this was the reason he awarded the fees. It is just as likely that the judge was under the mistaken impression that Starr was entitled to reasonable attorney's fees merely because she incurred them. For that reason, this portion of Case 2 must be reversed and remanded, even though this Court has noted that awarding attorney's fees in a divorce action is entrusted to the discretion of the chancellor. See Geiger, 530 So.2d at 187; O'Neill, 501 So.2d at 1119.
AS TO 90-CA-703: AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
AS TO 90-CA-203: AFFIRMED IN PART, REVERSED AND REMANDED IN PART.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and BANKS, JJ., concur.
NOTES
[1] On remand we suggest that the cases be combined into one action.
[2] This is the proper procedure under Miss. Code Ann. § 93-23-11 (Supp. 1990).
[3] Phillip had left the state the day before this suit was filed. The fact that he was not present does not, in itself, preclude jurisdiction. See Miss. Code Ann. § 93-23-5(3)
[4] Presumably any such claim would also have been a compulsory counter claim to the husband's underlying action and failure to bring it here would have barred a later suit. Here, of course, Starr did raise the issue in Case 1 although it wasn't pursued for some reason.
[5] The doctrine of election of remedies would seem to be inapplicable here. O'Briant v. Hull, 208 So.2d 784 (Miss. 1968); Banes v. Thompson, 352 So.2d 812 (Miss. 1977) (There is no estoppel by election of remedies unless remedies asserted are inconsistent and right only arises from one set of facts).