865 P.2d 105

Anita WARD, Petitioner,

v.

Hon. Brett HUGGINS, a judge, Superior Court of the State of Arizona, in and for the COUNTY OF NAVAJO, Respondent Judge,

Tom LEDET, Real Party in Interest.

No. CV-93-0306-PR.

Supreme Court of Arizona.

Dec. 9, 1993.

Lisa Ann Maxtutis, White Mountain Legal Aid.

Tom Ledet, pro se.

### ORDER

This case came before the Court on November 30, 1993. After consideration,

IT IS ORDERED that the Petition for Review is treated as a Petition for Special Action and, as such, the Court accepts jurisdiction and grants relief.

IT IS FURTHER ORDERED that the case is remanded to the trial court with instructions that it be reinstated.

IT IS FURTHER ORDERED that the trial court shall reconsider its jurisdiction of the mother's petition for modification in light of the following relevant considerations un-

der the Uniform Child Custody Jurisdiction Act (UCCJA) as adopted by Arizona, A.R.S. § 8–401 *et seq.*, and Mississippi, Miss.Code Ann. § 93–23–1 *et seq.*:

1. A.R.S. § 8–414(A) provides that an Arizona court may modify a custody decree entered by another state where "the court entering the decree does not now have jurisdiction *under the jurisdictional prerequisites substantially in accordance with this chapter or* has declined to assume jurisdiction to modify the decree, *and* the court of this state has jurisdiction."

■ 2. With respect to jurisdictional principles to be applied in connection with the UCCJA, A.R.S. §§ 8–401 and 8–403 are pertinent. Generally, the court considers domicile, home state, presence or best interests of, and state connections with the child, including *evidence relevant to the child's present or future care,* when determining its jurisdiction. Here it is undisputed that the father and children have resided in Arizona since shortly after the parties were divorced in 1987, and the mother has resided in Arizona for more than one year. The court should also consider the purposes of the UCCJA and comity in making the assessment.

■ 3. Once a court has determined its jurisdiction, it has discretion to decline to exercise it on the ground of inconvenient forum, A.R.S. § 8–407, and it must decline to exercise it if simultaneous proceedings are pending in a court in another state, A.R.S. § 8–406. Evidence of inconvenient forum or existence of simultaneous proceedings in this case is insufficient to support a declination to exercise as ordered by the trial court in its May 3, 1993 minute entry. Moreover, if the trial court harbored concerns about the appropriateness of Arizona as a forum for the modification of custody, A.R.S. § 8–407(D) encourages it to communicate first with the court entering the decree to be modified before making the discretionary decision to decline to exercise its jurisdiction. No such communication was made here.

■ 4. The UCCJA as adopted by Mississippi is substantially identical to that version adopted by Arizona, and it embodies similar jurisdictional principles. Both require that the child and at least one contestant (parent or other person claiming custody) have a significant connection with the state before jurisdiction exists. Mississippi has taken the view that continuing jurisdiction to modify child custody determinations turns on whether, at the very least, one parent still lives in the state or has an equally substantial connection. *See Jones v. Starr,* 586 So.2d 788, 790 (Miss.1991); *Curtis v. Curtis,* 574 So.2d 24 (Miss.1990).

■ 5. The evidence before the trial court in this case is insufficient to conclude that any interested party in these proceedings has a significant connection with Mississippi or that Mississippi is a more appropriate forum to determine custody of the children.

6. The cases cited by the trial court in support of its conclusion that Mississippi retained *continuing and exclusive jurisdiction* to modify the child custody provisions of its dissolution decree were decided before either Mississippi or Arizona had adopted the UCCJA and to the extent those cases may be read to preclude jurisdiction of Arizona courts to modify child custody orders made by the courts of other states, they have been legislatively overruled. *See Stowers v. Humphrey,* 576 So.2d 138 (Miss.1991) (Mississippi court that issued original divorce decree properly stayed its child custody proceedings, even though it had jurisdiction independent of the UCCJA, in light of inconvenience of court as forum; father still resided in Mississippi but mother and children had lived in Alabama for two and one-half years prior to commencement of modification proceedings in Mississippi).

IT IS FURTHER ORDERED that to aid in its reconsideration of its jurisdiction, the Navajo County Superior Court shall contact the Chancery Court of Harrison County, Mississippi, which entered the original decree in this matter. *See* A.R.S. § 8–407(D).