## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 97-CA-00241-SCT

*MERCEDES GARCIA LOVELL ORTEGA*

*v.*

*JOHN M. LOVELL*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/17/97 |
| TRIAL JUDGE: | HON. J. N. RANDALL, JR. |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | WALTER W. TEEL |
| ATTORNEY FOR APPELLEE: | W. EUGENE HENRY |
| NATURE OF THE CASE: | CIVIL - CUSTODY |
| DISPOSITION: | REVERSED AND RENDERED - 12/17/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 1/7/99 |

**BEFORE PITTMAN, P.J., ROBERTS AND SMITH, JJ.**

**PITTMAN, PRESIDING JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1. John M. Lovell, ("John") a U.S. citizen and Mercedes Garcia Lovell Ortega, ("Mercedes") a Spanish national citizen, were married in Charleston, South Carolina on June 12, 1975. The couple separated October 25, 1985, in Spain. The couple had one child, Kristina Mercedes Lovell, ("Kristina") who was born September 9, 1983.

¶2. John filed for a divorce in the Chancery Court of Harrison County, Mississippi in May of 1987. By order of the court, the couple was granted a divorce on July 20, 1987. The Judgment of Divorce granted joint custody of Kristina to John and Mercedes, but granted physical custody to Mercedes. The Judgment further ordered John to pay $200 per month in child support.

¶3. In March of 1989, John filed a Motion for Citation for Contempt against Mercedes complaining of her failure to grant his visitation rights. As a result of that Motion, the Chancery Court of Harrison County issued an order stating that it had jurisdiction of the parties. The chancellor further found Mercedes to be in willful and contumacious contempt of court for failing to provide John his specified visitation as set out in the original divorce decree. The chancellor further ordered that Kristina's custody was to be transferred from

Mercedes to John for a period of nine (9) months commensurate with the 1989-1990 school year "to make up for lost times." At the end of nine (9) months Kristina was to be transferred back to her mother, and John's visitation reverted to summer months. Mercedes, however, did not comply with the court's order in that Kristina was never sent to live with John in Biloxi.

¶4. The case now before the Court arises from a motion filed by John in the Harrison County Chancery Court on July 5, 1994, seeking to cite Mercedes for contempt of court and requesting that he be granted full custody of Kristina. Mercedes, through her attorney, filed a special appearance to contest jurisdiction of the Harrison County Chancery Court pursuant to the provisions of the Uniform Child Custody Jurisdiction Act ("UCCJA").

¶5. The chancellor overruled Mercedes' objection to jurisdiction and proceeded with a hearing on John's motion on September 26, 1996. By order dated June 8, 1989, the court granted physical custody of Kristina to John.

¶6. Feeling aggrieved by this decision, Mercedes perfected an appeal to this Court raising the following issues:

**I. THE COURT WAS MANIFESTLY IN ERROR WHEN IT OVERRULED THE APPELLANT'S OBJECTION TO JURISDICTION UNDER THE UNIFORM CHILD CUSTODY JURISDICTION ACT.**

**II. THE TRIAL COURT ERRED IN TRANSFERRING CUSTODY TO THE APPELLEE.**

**III. THE LOWER COURT ERRED IN ELIMINATING CHILD SUPPORT REQUIREMENTS.**

**IV. THE CHANCELLOR ERRED IN AWARDING ATTORNEY'S FEES.**

## ANALYSIS

**I. THE COURT WAS MANIFESTLY IN ERROR WHEN IT OVERRULED THE APPELLANT'S OBJECTION TO JURISDICTION UNDER THE UNIFORM CHILD CUSTODY JURISDICTION ACT.**

¶7. In appellant's first assignment of error, she argues that California, where she now resides and did reside at the time John filed his motion pursuant to the UCCJA, is the home state of the child under the provisions of the UCCJA and thus California was a more proper forum to decide the issues presented than was Mississippi. Mercedes argues that all of the evidence, witnesses, pertinent school records, friends, and surroundings regarding the child are located in the State of California and that California is the proper forum for a custody modification and not the State of Mississippi.

¶8. The appellee argues that because Mercedes had previously been held in contempt of the Harrison County Chancery Court for failure to comply with a visitation order, Mississippi was the only jurisdiction that had the right to enforce the contempt order. *See **Culpepper v. State***, 516 So.2d 485 (Miss. 1987). The appellee further maintains that the trial court in the case at bar retained jurisdiction to see that previous orders of said court were carried through.

¶9. Both Mississippi and California were proper forums to hear this case. *See* ***Jones v. Starr***, 586 So.2d 788 (Miss. 1991); ***Johnson v. Ellis***, 621 So.2d 661 (Miss. 1993). "This Court has interpreted the UCCJA as providing for concurrent jurisdiction, not mutually exclusive jurisdiction. Typically, the two states sharing concurrent jurisdiction will be the state which issued the original divorce or custody decree, and the state to which the custodial parent and children have moved." ***Johnson***, 621 So.2d at 665. Thus, Mississippi, where the original divorce decree was entered, and California, where both Mercedes and Kristina live, have concurrent jurisdiction.

¶10. "As a matter of state law, a court that enters the original custody decree has jurisdiction to subsequently modify the decree separate and apart from the jurisdictional section of the UCCJA." ***Jones***, 586 So.2d at 790 (*citing* ***Stowers v. Humphrey***, 576 So.2d 138, 141 (Miss. 1991)). However, in ***Jones*** this court determined that "[t]he court can decline to exercise its continuing jurisdiction if it is determined there is a more convenient forum." *Id. See also* Miss.CodeAnn. § 93-23-13 (1994). In ***Jones***, this Court found that the Lauderdale County Chancery Court was incorrect in determining it did not have continuing jurisdiction over a custody matter contained in a judgment for divorce entered by the same court. However, this Court further determined that the Lauderdale County Chancery Court would not have been manifestly in error if it had determined that the Texas forum was a more appropriate forum. *Id.* at 791; *See* ***Stowers***, 576 So.2d at 141; ***Hobbs v. Hobbs***, 508 So.2d 677 (Miss. 1987). In the case at bar, the chancellor did not even consider whether the California forum was more convenient than Mississippi.

¶11. Section 93-23-5 of the Uniform Child Custody Jurisdiction Act provides for the circumstances under which a court of Mississippi may assume jurisdiction over matters of custody. Section 93-23-5 reads in its pertinent part as follows:

> (1) A court of this state which is competent to decide child custody matters has jurisdiction to make a child custody determination by initial or modification decree if:
>
> (a) This state (i) is the home state of the child at the time of commencement of the proceeding, or (ii) had been the child's home state within six (6) months before commencement of the proceedings and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state; or
>
> (b) It is in the best interest of the child that a court of this state assume jurisdiction because (i) the child and his parents, or the child and at least one (1) contestant, have a significant connection with the state , and (ii) there is available in this state substantial evidence concerning the child's present or future care, protection, training and personal relationships ...

Miss. Code Ann. § 93-23-5 (1994).

¶12. "Modification decree" is defined as "a custody decree which modifies or replaces a prior decree, whether made by the court which rendered the prior decree or by another court." Miss.Code Ann. § 93-23-3(h) (1994). *See* ***Johnson***, 621 So.2d at 664.

¶13. However, recent case law from this Court makes it clear that just because a Mississippi court can exercise jurisdiction does not mean it always should. The chancellor in the case *sub judice* relied solely on the fact that the original divorce decree was entered in this state in assuming jurisdiction over the custody of Kristina. A chancellor is not obliged to assume jurisdiction over a particular custody matter if another state's

court is a more appropriate forum. Miss. Code Ann. § 93-23-13 (1994). This statute clearly supports a finding by a chancellor that even though his court may have jurisdiction, he is not obligated to assume it if another state is a more appropriate forum. California is the "home state" of Kristina, and it would be in her best interest to have the case decided there due to her significant connection with that state and the availability of evidence concerning her present or future care, protection, training and personal relationships.

¶14. This Court has established a three-step process for determining, under the UCCJA, whether a state should assume jurisdiction of a custody matter: A court must first determine if it has authority, or jurisdiction, to act following the guidelines of Miss. Code Ann. § 93-23-5. If a court determines that it does not have jurisdiction the process stops there. However, if that hurdle is cleared, a determination is made as to which court is the more appropriate and convenient forum under the guidelines of Miss. Code Ann. § 93-23-13. A court may decline to exercise jurisdiction if it is not the most appropriate or convenient forum. If the court accepts jurisdiction as the more convenient forum, the court must determine if the action to be taken is foreclosed by an order or judgment of the other state court. *Stowers v. Humphrey*, 576 So.2d 138, 140 (Miss.1991) *(citing **Hobbs v. Hobbs,**508 So.2d 677, 680 (Miss.1987)).*

¶15. This Court, in *Johnson*, reversed a chancellor who failed to relinquish jurisdiction to another forum holding that:

> While the decision of whether to exercise or decline continuing jurisdiction is left to the chancellor, this Court has occasionally found error where a chancellor did not relinquish jurisdiction to another forum. In *Siegel v. Alexander*, 477 So.2d 1345 (Miss.1985), Ferrell and Brenda Alexander were divorced in Neshoba County in 1979, with custody of their two children awarded to Brenda. Brenda was remarried to Sandy Siegel, and in 1982 moved with her husband and children to Texas. Learning that the Siegel's marriage was turbulent and violent, Ferrell filed a motion in the Neshoba court to modify the original judgment, seeking custody of the children on the grounds of substantial and adverse change in circumstances. Brenda filed a motion to dismiss, alleging lack of jurisdiction under the UCCJA, and objected to Mississippi as an inconvenient forum. The chancellor, holding that the UCCJA did not apply to this modification, awarded custody of the children to Ferrell. We reversed, holding that the UCCJA did apply, and that the chancellor should have declined jurisdiction:

> The children in the case at bar had resided in Texas for a period of a year prior to initiation of this action and for two years prior to the date of the trial. Clearly, Texas is the home state of the children.

> Since practically all witnesses and all evidence of any substantial changes adversely affecting the children's future care, protection and training lie within the borders of Texas, it would be no more than reasonable to assume that it is the more appropriate forum. It would be in the best interest of the children to embrace the principles of the UCCJA and therefore relinquish jurisdiction to the Texas court, which is in the best position to accurately assess the circumstances of the children domiciled there.

> *Siegel v. Alexander*, 477 So.2d at 1347 (Miss.1985). See also *Walker v. Luckey*, 474 So.2d 608 (Miss.1985).

*Johnson*, 621 So.2d at 666.

¶16. In this case, Kristina clearly has a closer connection to California. She has never lived in Mississippi;

indeed she has never been to Mississippi. All evidence of Kristina's life is in California. Since all witnesses and all evidence of any substantial changes adversely affecting the child's future care, protection and training lie within the borders of California, it would be more reasonable to assume that it is the more appropriate forum.

¶17. While the trial judge was correct in holding that Mississippi has jurisdiction over the parties because the original divorce decree was issued in this state, California is a more appropriate forum. Both Kristina and her mother live there. There is no question that it is the "home state" of the child. It is in Kristina's best interest to have the case decided in California where there is evidence of her day-to-day life.

¶18. Therefore, the Chancellor should have relinquished jurisdiction to California pursuant to the Uniform Child Custody Jurisdiction Act. For these reasons this case is reversed.

## II. THE TRIAL COURT ERRED IN TRANSFERRING CUSTODY TO THE APPELLEE.

¶19. The appellant next argues that there is no evidence presented regarding any change of material circumstances on which to force a change of custody. She argues that there is nothing in the record to indicate that she abused, mistreated, neglected or failed to meet any of the needs of Kristina.

¶20. Appellee argues that the finding of the mother to be in wilful contumacious contempt of court was enough to warrant a change in custody. Appellee contends that the Chancellor's ruling was based on the best interest of the child and was not simply an effort to punish Mercedes. This Court does not agree.

¶21. This Court has held on numerous occasions that before a chancellor modifies a custody order, there must be a showing of material or substantial changes in circumstances since the issuance of the last order. *See Bredemeier v. Jackson*, 689 So.2d 770 (Miss. 1997).

> In the ordinary modification proceeding, the non-custodial party must prove: (1) that a substantial change in circumstances has transpired since issuance of the custody decree; (2) that this change adversely affects the child's welfare; and (3) that the child's best interests mandate a change of custody. *Bubac v. Boston,* 600 So.2d 951, 955 (Miss.1992). A chancellor's finding of fact on such a matter will not be set aside or disturbed on appeal unless the finding is manifestly wrong or is not supported by substantial credible evidence. *Polk v. Polk*, 589 So.2d 123, 129 (Miss.1991). It is similarly so whether the fact be found expressly or by necessary implication, and whether the finding relates to an evidentiary fact or an ultimate fact. *Spain v. Holland*, 483 So.2d 318, 320 (Miss.1986).
>
> In considering whether there has been such a change in circumstances, the totality of the circumstances should be considered, *Id*. Even though under the totality of the circumstances a change has occurred, the court must separately and affirmatively determine that this change is one which adversely affects the children. *Id*.

*Id.* at 775; *See also Kavanaugh v. Carraway*, 435 So.2d 697, 700 (Miss. 1983); *Cheek v. Ricker*, 431 So.2d 1139, 1143 (Miss. 1983); *O'Neal v. Warden*, 345 So.2d 610, 612 (Miss. 1977). Further this Court said in *Marascalco v. Marascalco*, "[p]ut another way, a change of circumstances which does not adversely affect the welfare of the child would, as a matter of law, be an immaterial change." *Marascalco v. Marascalco,* 445 So.2d 1380, 1382 (Miss. 1984) (*citing Albright v. Albright*, 437 So.2d 1003, 1005 (Miss. 1983)).

¶22. In the case at bar there was almost no mention of Kristina's best interest in the Chancellor's ruling. The record is completely devoid of any change in circumstances since the last order (1989) entered by the court, granting John custody of Kristina for nine (9) months, material, substantial or otherwise. While this Court will not set aside a chancellor's finding of fact on such a matter as custody "unless the finding is manifestly wrong or is **not supported by substantial credible evidence**," in the present case there was no finding of evidence, credible or otherwise.

¶23. In *Marascalco, supra*, this Court said that "[i]n our modification cases, as in original awards of custody, we never depart from our 'polestar consideration: the best interest and welfare of the child.'" *Id.* at 1382. "In considering child custody modification cases, the chancellors must necessarily allow full and complete proof with respect to all circumstances and conditions directly and indirectly related to the care and custody of the children, existing, first, at the time of the original decree of divorce, and, second, at the time of the modification hearing." *Id.* The judge in the case *sub judice* did not require any proof from either plaintiff or counsel for defendant regarding the care and custody of Kristina. This Court further placed the burden of inquiring into the circumstances surrounding the child's well-being on the chancellor. "At that hearing the chancellor is directed to inquire into the circumstances of the children at this time and to determine whether the present custody arrangement is in their best interests. The chancellor, of course, is empowered to make such decree as may be appropriate by reference to the facts and circumstances disclosed at such a hearing." *Id.*

¶24. The Chancellor had before him no evidence regarding Kristina's well being and no evidence as to which parent should have custody, and there was no showing of material change in circumstances sufficient to warrant a modification of custody from Mercedes to John. It does not stand to reason that Kristina's best interests place her in the custody of a man she seldom has seen, who lives in a state in which she has never lived or visited.

¶25. Kristina who was thirteen (13) years old at the time of this hearing, has not seen her father in eleven (11) years, since she was two (2) years old. She has never met his wife. There was no evidence of abuse, neglect or mistreatment of any kind by Mercedes. There was no evidence which passes the test of when this Court views a modification of custody favorably. The record in this case is completely devoid of any findings of fact other than that Mercedes was in contempt of the court below - a fact which says nothing about Kristina and whether or not she is being properly cared for.

¶26. Because there was no showing of material change in circumstances, the trial judge was in error in ordering a change of custody from Mercedes to John and for this reason this issue is found to have significant merit requiring reversal. Issue III, dealing with the discontinuation of child support, and Issue IV which relates to the granting of attorneys fees in favor of the plaintiff/father are issues which become moot following a finding by this Court that this case should be reversed. Because a thorough analysis of the case law and statutes surrounding Issues I and II require this Court to reverse and render the decision of the lower court, there is no discussion of those issues except to reverse and render the actions of the court below.

## CONCLUSION

¶27. Because the Harrison County Chancery Court, pursuant to the Uniform Child Custody Jurisdiction Act, should have declined jurisdiction in favor of a California court, this case should be reversed and

rendered. The chancellor below failed to make a finding that there existed a material change in circumstances sufficient to warrant a modification of child custody as required by this Court.

¶28. It is further this Court's observation that John Lovell has, unfortunately, been denied his right to visit with his daughter due to his ex-wife's refusal to comply with the orders of the Harrison County Chancery Court. As stated *supra*, Kristina will be fifteen (15) years old on her next birthday. Where both parents are fit for parenthood and are both able to provide for Kristina, pursuant to Miss. Code Ann. §93-11-65 (1994), she is old enough to decide for herself whether she would like to pursue a relationship with her father.

¶29. As sad as it is that child custody disputes continue to arise, it is unfair to uproot a child from all she has ever known in order that her custodial parent may be punished for failing to comply with orders of the court. It is unfair and sad that this child has never known her natural father, but the child should not be punished for her mother's actions. Absent a showing that Kristina has been, at the hands of her mother, abused, mistreated or neglected in some way this Court has said a custody order may not be modified. Therefore, this case should be reversed and rendered.

¶30. **REVERSED AND RENDERED.**

**PRATHER, C. J., SULLIVAN, P.J., ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR. BANKS, J., CONCURS IN PART. McRAE, J., CONCURS IN RESULT ONLY.**