McRAE, Justice,
specially concurring:
¶ 14. I agree with the majority’s decision that the chancellor erred in refusing to assume jurisdiction over the case. The chancellor further erred in modifying the custody provisions of the decree after declining jurisdiction over the case, in sending the children back to Maryland with their mother, and in granting Hasse thirty days in which to file an action in Maryland, after which this action would be dismissed. Since Shane voluntarily relinquished custody of the children to their father subsequent to filing her motion to dismiss, the chancellor should have dismissed it as moot and ruled on the merits of Hasse’s motion for contempt. Instead, the children have been uprooted from their home in Mississippi and, inevitably, will be uprooted again.
¶ 15. This Court has construed the Uniform Child Custody Jurisdiction Act as providing concurrent, rather than mutually exclusive, jurisdiction between states when the initial divorce or custody decree was issued in one state and the custodial parent and the children have moved to another state. Johnson v. Ellis, 621 So.2d 661, 665 (Miss.1993). Where, as in the case sub judice, the chancery court has continuing jurisdiction by virtue of having the original decree entered there or because it is the children’s “home state,” the court may decline to continue to exercise that jurisdiction if another forum is determined to be more convenient. Id. at 666-667; Jones v. Starr, 586 So.2d 788, 790 (Miss.1991). We will reverse the chancellor’s findings only when they are manifestly wrong or clearly erroneous.
¶ 16. In this case, the chancellor’s finding that it was in the children’s best interests to allow the Maryland court rather than a Mississippi court to assume jurisdiction over the case was clearly erroneous. The decree was entered in Jackson County. The children had lived in Maryland only for a short time before the actions filed by their parents and then were returned by their mother to Jackson County to the home where they had grown up as well as to schools, churches and doctors familiar to them. They were living with their father in Mississippi at the time of these proceedings. By the mother’s own admission, the children have no ties to the State of Maryland. The chancellor apparently failed to consider these factors in taking into account “[i]f substantial evidence concerning the child’s present or future care, protection, training and personal relationships is more readily available in another state” pursuant to Miss.Code Ann. § 93-23-13(3)(c)(1994). See Siegel v. Alexander, 477 So.2d 1345, 1347 (Miss.1985)(children’s best interests were served by relinquishing jurisdiction to Texas where children had resided for one year before action was filed and two years prior to trial and practically all witnesses and evidence regarding their well-being was in Texas). There simply is no evidence that the interests of the Hasse children better would be served by relinquishing jurisdiction to the Maryland courts.
¶ 17. The chancellor clearly “missed the boat” in his ruling. He erred in declining to assume jurisdiction in one paragraph of his order and, in another, modifying the custody provisions of the original decree. The order created unnecessary upheaval for the children, clearly contrary to their best interests. Further, in “granting” Hasse thirty days in which to file an action regarding support and custody of the children in Maryland, where Shane admitted they had no contacts, the decision subjected Hasse to the unnecessary expense of pursuing an action in a court which had every reason to decline jurisdiction and created an additional delay in the determination of the children’s custody arrangements. The chancellor would have steered a better course had he dismissed the motion to dismiss as moot and ruled on the merits of Hasse’s petition to modify.
BANKS and WALLER, JJ., join this opinion in part.