# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2003-CA-01209-SCT

*CLAIRE LOUISE GRUMME*

*v.*

*DARREN W. GRUMME*

| | |
|---|---|
| DATE OF JUDGMENT: | 5/7/2003 |
| TRIAL JUDGE: | HON. GLENN BARLOW |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | W. EUGENE HENRY |
| ATTORNEY FOR APPELLEE: | DEMPSEY M. LEVI |
| NATURE OF THE CASE: | CIVIL - DOMESTIC RELATIONS |
| DISPOSITION: | REVERSED AND REMANDED - 05/06/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, P.J., EASLEY AND DICKINSON, JJ.**

**EASLEY, JUSTICE, FOR THE COURT:**

### STATEMENT OF THE CASE

¶1.     On June 7, 1999, Claire Louise Grumme (Claire) and Darren Wayne Grumme (Darren) were divorced by Judgment of Divorce in the Superior Court of Guam. They had one child, Vincent Hansen Grumme (Vincent), born on March 3, 1993. Darren was enlisted in the United States Navy during the time the parties lived and were divorced in the U. S. territory of Guam. In the Property Settlement Agreement (PSA) incorporated in the final Judgment of Divorce, Claire received physical and legal custody of the minor child subject to Darren's visitation rights. Darren was ordered to pay $350.00 per month in child

support until Vincent turned 18 or is no longer a full-time student. The parties also agreed in the PSA that jurisdiction over future issues would be in the country where the wife and child reside.[1]

¶2. While Claire was a resident of the United Kingdom, and Darren was a resident of Jackson County, Mississippi, Claire filed this action in the Chancery Court of Jackson County, Mississippi, seeking to register the Guam Judgment of Divorce and to register and enforce, as well as, modify the order of support as allowed by the Uniform Interstate Family Support Act (UIFSA), codified as Miss. Code Ann. §§ 93-25-1 to -117 (Supp. 2003). Claire requested that a wage withholding order be issued to obligate Darren's employer to deduct the child support from his wages.

¶3. Darren filed a special appearance and an answer to the complaint. Darren argued that according to the PSA attached to the Judgment of Divorce the parties agreed to have jurisdiction of any future issues handled in the United Kingdom. The trial court held a hearing on Darren's motion to dismiss and dismissed this action for lack of jurisdiction. In a contradictory analysis, the trial court determined that:

> This [c]ourt is certainly mindful of the fact that jurisdiction is something that cannot be agreed upon, however, in that this matter involves the country and place of residence where the mother and the child are living and the fact that the father has agreed to enter his appearance to same, it appears to the Court that the logical forum to try this case would be within the jurisdiction of the United Kingdom where in the opinion of this [c]ourt jurisdiction attaches not only by the agreement of the parties but by the fact that the mother and child reside there.

¶4. This Court finds that the trial court's analysis is not consistent with the provisions of the UIFSA established to handle the situation where neither of the parties currently reside in the issuing state where the support order was entered. The trial court also misapplied the ***Nelson v. Halley***, 827 So.2d 42 (Miss.

---

[1] The parties represented in the PSA that Claire intended to reside in the United Kingdom (England). Claire and the minor child did in fact move to the United Kingdom. Darren moved to Jackson County, Mississippi. However, there were provisions in the PSA as to how the United Kingdom would have enforcement powers over Darren as a nonresident of the United Kingdom if he did not comply with his support obligations.

Ct. App. 2002). In fact, the trial court stated that based on the intent of the UIFSA statutes it would not be able to reach the same conclusion except for the consent aspect of *Halley* and Miss. Code Ann. § 93-25-101.[2]

¶5. On appeal, the sole issue presented to this Court for review is whether the Chancery Court of Jackson County erred in dismissing for lack of jurisdiction Claire's petition to register the foreign order in order to enforce and modify the child support order issued by the Superior Court of Guam under the provisions of the Uniform Interstate Family Support Act.

## LEGAL ANALYSIS

¶6. A child support order or an income-withholding order (foreign judgment/order) issued by the tribunal of another state (issuing state) may be registered in this state for enforcement. Miss. Code Ann. § 93-25-81. Registration of the order does not require commencement of litigation; however, a petition or pleading for modification may be filed at the same time as the registration or after registration. *See id*. § 93-25-97. The purpose of UIFSA is to create certainty as to a single state that can modify the child support order. The issuing state retains continuing, exclusive jurisdiction until another state (registering state) acquires jurisdiction. *See id*. § 93-25-17. The continuing, exclusive jurisdiction of the issuing state remains in effect as long as one of the parents or the child still resides in the issuing state, unless the parties agree to the contrary. *Id*. When both parents and the child leave the issuing state, the continuing, exclusive jurisdiction of the issuing state remains in effect and enforceable until it is modified by another appropriate tribunal (court). *Id*.

---

[2] As will be discussed, *Halley* also involved the Uniform Child Custody Jurisdiction Act (UCCJA), codified as Miss. Code Ann. §§ 93-23-1 to -47 (Rev. 1994), which is not involved in this case.

¶7.     Under Mississippi's statutory version of UIFSA, the first step is to file the foreign judgment in an appropriate chancery court.  Miss. Code Ann. § 93-25-83 specifies the procedure required to register a foreign order as follows:

    (1)    A support order or income-withholding order of another state may be registered in this state by sending the following documents and information to the appropriate tribunal in this state:

        (a)    A letter of transmittal to the tribunal requesting registration and enforcement;

        (b)    Two (2) copies, including one (1) certified copy, of all orders to be registered, including any modification of an order;

        (c)    A sworn statement by the party seeking registration or a certified statement by the custodian of the records showing the amount of any arrearage;

        (d)    The name of the obligor and, if known:

            (i)    The obligor's address and Social Security number;

            (ii)    The name and address of the obligor's employer and any other source of income of the obligor; and

            (iii)    A description and the location of property of the obligor in this state not exempt from execution; and

        (e)    The name and address of the obligee and, if applicable, the agency or person to whom support payments are to be remitted.

    (2)    On receipt of a request for registration, the registering tribunal *shall* cause the order to be filed as a foreign judgment, together with one (1) copy of the documents and information, regardless of their form.

    (3)    A petition or comparable pleading seeking a remedy that must be affirmatively sought under other law of this state may be filed at the same time as the request for registration or later. The pleading must specify the grounds for the remedy sought.

(emphasis added).  Miss. Code Ann. § 93-25-39 outlines the grounds on which to contest or object to the registration or enforcement of the foreign order.  Miss. Code Ann. § 93-25-93 (1) provides that the party

4

contesting the validity or enforcement of a registered order or seeking to vacate the registration has the burden of proving one of the following defenses:

(a)    The issuing tribunal lacked personal jurisdiction over the contesting party;
(b)    The order was obtained by fraud;
(c)    The order has been vacated, suspended or modified by a later order;
(d)    The issuing tribunal has stayed the order pending appeal;
(e)    There is a defense under the law of this state to the remedy sought;
(f)    Full or partial payment has been made; or
(g)    The statute of limitation under Section 93-25-87 (Choice of law) precludes enforcement of some or all of the arrearage.[3]

¶8.    Here, the Superior Court of Guam, the issuing tribunal, had in personam jurisdiction over Darren. At the time of the divorce, both parties resided in Guam. In this record there is no allegation or proof that the foreign order was obtained by fraud, or that the order had been vacated, suspended, modified or stayed pending appeal. Darren does not contest the validity of the foreign order. Also, no issue as to any full or partial payment of the child support was raised.

¶9.    Therefore, Darren's objection to registration of the order for enforcement does not fall within the objections spelled out in Miss. Code Ann. § 93-25-93. Miss. Code Ann. § 93-25-93 (3) provides that: "[i]f the contesting party does not establish a defense under subsection (1) to the validity or enforcement of the order, the registering tribunal shall issue an order confirming the order."

¶10.    After the foreign order has been registered in this state, the tribunal of this state may modify that order pursuant to Miss. Code Ann. § 93-25-101 if the provisions of Miss. Code Ann. § 93-25-107[4] are

---

[3]  Choice of law was not raised as an issue in this case. Miss. Code Ann. § 93-25-87 dictates that the laws of the issuing state govern the modification of the support payments and the statute of limitations in proceedings for arrearage. The parties did not make this an issue. The trial court did not render a decision regarding any arrearage amount.

[4]  Miss. Code Ann. § 93-25-107 provides jurisdiction to modify support order of another state when individual parties reside in this state:

not applicable and the following requirements are met: (i) the child, the individual obligee and the obligor do not reside in the issuing state; (ii) a petitioner who is a nonresident of this state seeks modification; and (iii) the respondent is subject to the personal jurisdiction of the tribunal of this state.

¶11. Miss. Code Ann. § 93-25-107 is not applicable here. None of the parties or the minor child still reside in the issuing state (Guam). Claire and the minor child reside in the United Kingdom. Therefore, the petitioner (Claire) is a nonresident of this state. As a resident of Jackson County, Mississippi, Darren, the respondent, is subject to the in personam jurisdiction of this tribunal (Chancery Court of Jackson County). Clearly, this case meets the statutory requirements to bring this matter in the Chancery Court of Jackson County for modification. In concluding otherwise, the trial court improperly applied *Halley* to the facts at bar.

¶12. In *Halley*, the parties divorced in California in 1988. *Halley*, 827 So.2d at 44. The husband was ordered to pay child support on the parties' three children. The wife received custody of the children. In 1991, the child support order was subsequently modified by a California court based on an increase in the husband's income. The husband then moved to Maryland. The wife and the children moved to Forrest County, Mississippi. *Id*.

¶13. In 1999 the husband filed a petition for modification of child custody in the Chancery Court of Forrest County, Mississippi, seeking custody of his son and to end support obligations for his son. The

(1) If all of the parties who are individuals reside in this state and the child does not reside in the issuing state, a tribunal of this state has jurisdiction to enforce and to modify the issuing state's child support order in a proceeding to register that order.

(2) A tribunal of this state exercising jurisdiction as provided in this section shall apply the provisions of Sections 93-25-3 through 93-25-7 and Sections 93-25-9 through 93-25-25 to the enforcement or modification proceedings. Sections 93-25-27 through 93-25-77 and Sections 93-25- 109 through 93-25-113 do not apply and the tribunal shall apply the procedural and substantive law of this state.

6

husband filed the petition pursuant to the UCCJA (Uniform Child Custody Jurisdiction Act) in the resident state of the child. *Id.* Miss. Code Ann. § 93-23-5 adopted the provisions of the UCCJA.

¶14.    Subsequently, the wife counterclaimed in the Mississippi action to increase the amount of the child support by lengthening the period of time for child support payments to age 21 in Mississippi rather than age 18 in the California decree under California law. *Id.* The husband contested the wife's counterclaim to modify the child support payments. *Id.* at 44-45. The husband's argument was that the wife's modification of the child support payments should have been made in California where the divorce had been granted or in the husband's resident state of Maryland. *Id.* at 45.

¶15.    The parties entered a temporary order in the Chancery Court of Forrest County signed by both parties that: "[p]ursuant to the Uniform Child Custody Jurisdiction Act and the consent of the parties hereto, this [c]ourt has jurisdiction of the parties and the subject matter hereof and in *particular assumes jurisdiction to determine all matters pertaining to the custody, support, maintenance and visitation of the children of the parties' marriage..."* *Id.* at 50.

¶16.    In *Halley*, the Mississippi Court of Appeals upheld the trial court's jurisdiction and authority to modify under Miss. Code Ann. § § 93-23-5; 93-23-9; 93-23-27 (Rev. 1997)[5] and the award of custody to the husband. However, the Mississippi Court of Appeals reversed the trial court's creation of arrearage by improperly extending the terms of child support payments to age 21 under Mississippi law rather than age 18 under California law. The court ordered recalculation of the arrearage as provided under the terms of the California decree. *Id.* at 44.

---

[5] These statutes, Miss. Code Ann. § § 93-23-5; 93-23-9; 93-23-27, concern the application of the UCCJA which is not before this Court in this case.

7

¶17.  In *Peregoy v. Peregoy*, 358 N.J.Super. 179, 817 A.2d 381, 384 (2003), the Superior Court of New Jersey, Appellate Division, examined the parties consent-to-jurisdiction agreement in the context of the Uniform Child Custody Jurisdiction Act (UCCJA). While the application of UCCJA and the UIFSA are different*,* and therefore, *Peregoy* is clearly distinguishable from the case sub judice, the New Jersey court's holding on the parties' consent-to-jurisdiction agreement in the context of the UCCJA is worthy of examination in order to help provide insight into the argument advanced by Darren.  In *Peregoy*, the court found that as long as one of the parties remained a resident of New Jersey, the other party's consent to jurisdiction establishes the minimum basis for the court to retain continuing jurisdiction.  The court stated that: "However, that consent  is only one factor to be weighed in the decision whether to exercise jurisdiction pursuant to the UCCJA." *Id.* at 384.  The court further held that: "The parties cannot agree in advance to ignore the Act [UCCJA], or for the court to proceed contrary to the Act [UCCJA]." *Id.*

¶18.  Thus, this Court finds that the facts of *Halley* are clearly distinguishable from the facts here. Therefore, the trial court's reliance on *Halley* was misplaced.  Claire's petition was filed pursuant to UIFSA, not the UCCJA.  Since Darren is a resident of Jackson County, Mississippi, Claire is a nonresident of Mississippi and neither Claire, Darren nor the child reside in the issuing state of Guam, the Chancery Court of Jackson County had jurisdiction to decide the petition to enforce and modify the foreign judgment.

## CONCLUSION

¶19.  Therefore, based on the foregoing reasons, we reverse the judgment of the chancery court and remand this case to the Chancery Court of Jackson County for further proceedings consistent with this opinion.

¶20.  **REVERSED AND REMANDED.**

**SMITH, C.J., WALLER AND COBB, P.JJ., CARLSON, GRAVES AND DICKINSON JJ., CONCUR. DIAZ AND RANDOLPH, JJ., NOT PARTICIPATING.**