# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2015-IA-00805-SCT

*SEAN P. EDWARDS AND KATHRYN LOYACONO*

*v.*

*REANNA S. ZYLA*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/07/2015 |
| TRIAL JUDGE: | HON. JOHN S. PRICE, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY COUNTY COURT |
| ATTORNEYS FOR APPELLANTS: | JEREMY PAUL McNINCH |
| | ANN REGAN BILBO |
| | PAUL KELLY LOYACONO |
| | BENJAMIN HOUSTON WILSON |
| ATTORNEYS FOR APPELLEE: | MARY BARNETTE COTTON |
| | TRAVIS T. VANCE, JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 11/17/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2015-CA-00891-SCT

*SEAN P. EDWARDS*

*v.*

*REANNA S. ZYLA*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/16/2015 |
| TRIAL JUDGE: | HON. J. LARRY BUFFINGTON |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |

ATTORNEYS FOR APPELLANT:     JEREMY PAUL McNINCH
                             ANN REGAN BILBO
                             PAUL KELLY LOYACONO
                             BENJAMIN HOUSTON WILSON
ATTORNEYS FOR APPELLEE:       MARY BARNETTE COTTON
                             TRAVIS T. VANCE, JR.

NATURE OF THE CASE:          OTHER
DISPOSITION:                 AFFIRMED - 11/17/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE DICKINSON, P.J., COLEMAN AND BEAM, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     The case *sub judice* involves the application of the Uniform Child Custody Jurisdiction Enforcement Act (UCCJEA) – particularly whether the Warren County Chancery Court erred in deciding that it lacked jurisdiction to hear a custody dispute between Sean Edwards and Reanna Zyla.  The matter before us consolidates a direct appeal from the chancery court and an interlocutory appeal from the Warren County County Court, both related to the custody of two minor children.  We affirm the chancery court's judgment, and we reverse the county court's registration of the Arizona custody modification and remand the case for the county court to dismiss for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

¶2.     Edwards and Zyla never married, but they have two children together– an eleven-year-old daughter and an eight-year-old son.  They lived in Arizona, and in 2010, an Arizona court entered an order establishing the parties' custodial rights and visitation – joint legal and physical custody.  Edwards and Zyla lived together on and off while in Arizona until June

2

2013, when they moved to Mississippi.[1]  Prior to the move, Zyla handwrote a notarized statement granting Edwards "permission to . . . take our children . . . to move to Mississippi on June 1, 2013[,] in the event my health conditions prevent me from going with them." Shortly after arriving in Mississippi, Edwards filed an action in Warren County Youth Court alleging Zyla had neglected the children and asking for emergency custody.  Zyla filed a motion to dismiss based on the youth court's lack of jurisdiction.  By August 2013, Zyla had moved back to Arizona, while Edwards and the children remained in Mississippi.

¶3.     On August 26, 2013, Edwards filed a request in the chancery court for the registration and modification of the Arizona custody determination.  The following day, on August 27, 2013, the youth court entered an order that the testimony overwhelmingly showed that the parties had moved and had abandoned their residence and domicile in Arizona when they moved to Mississippi and had established a permanent residence in Vicksburg.  Edwards's mother, Kathryn Loyacono, was given temporary custody of the children.  The next month, Zyla filed a petition in the Arizona court to modify the Arizona custody agreement.

¶4.     Next, the youth court removed Kathryn's temporary custody and, on November 13, 2013, gave Edwards custody "until further order of this court or another court of competent jurisdiction."  Then, on February 6, 2014, the Arizona court entered a "Minute Entry: Jurisdictional Issue"; it conferred with the youth court about jurisdiction and apparently, the Arizona court and the youth court determined that the Arizona court should have jurisdiction.

---

[1]Zyla adamantly disputes that she moved to Mississippi.

On the same day, the youth court entered an order relinquishing jurisdiction and closing the case.

¶5.    Likely prompted by the youth court's and Arizona court's jurisdiction decision, Edwards filed an emergency ex parte petition for temporary and permanent injunction pursuant to Mississippi Rule of Civil Procedure 65. He also filed a motion for temporary and permanent custody. Both motions were filed in chancery court. Several days later, on March 16, 2015, the chancery court held a hearing on Edwards's initial August 2013 request to register the original Arizona order and modify the original Arizona order by giving him custody of the children.[2] At the hearing, the chancery court ruled that it did not have jurisdiction, and the chancery court entered an order to that effect on April 22, 2015. Edwards filed a motion to reconsider. On April 10, 2015, the chancery court entered an agreed order of registration of the Arizona court's initial mediation agreement from 2010. Meanwhile, on April 16, 2015, the Arizona court held a hearing and entered a minute entry on Zyla's petition to modify custody, and it later awarded Zyla custody of the children. Edwards entered a special appearance in the Arizona court to set aside the Arizona court's modification. On April 28, 2015, Zyla filed the Arizona minute entry as a miscellaneous document in the chancery court case.

¶6.    Finally, around the beginning of May 2015, Zyla filed a petition to enroll a foreign judgment and petition for writ of habeas corpus in the Warren County County Court. The

---

[2] On February 5, 2014, and March 19, 2015, Edwards submitted additional requests for registration and modification of child custody in the chancery court, this time pointing out that the children now had resided in Mississippi for six months as support for chancery court jurisdiction.

county court enrolled the Arizona judgment awarding Zyla custody, but the county court stayed enforcement of the judgment pending the present interlocutory appeal.

¶7.   On June 1, 2015, the chancery court heard Edwards's motion to reconsider. Zyla testified at the hearing that she had encouraged Edwards to move to Mississippi, but that she "was not sure whether [she] was going to stay here [in Mississippi] or not. It was a temporary visit for [her] to see if [she] liked it here." Zyla maintained that her legal residence remained at her mother's house in Arizona, but she did not retain a place of her own in Arizona before coming to Mississippi. Zyla returned to Arizona approximately two to three weeks after arriving in Mississippi. The chancery court denied the motion to reconsider, and Edwards's direct appeal is from the chancery court's denial of his motion to reconsider.

¶8.   On July 2, 2015, the Court granted Edwards's interlocutory appeal and consolidated it with his direct appeal from the chancery court.[3]

¶9.   Edwards raises the following issues on appeal:

    I.      The chancery court of Warren County has jurisdiction to modify the mediation agreement.

    II.     The county court of Warren County was without jurisdiction to enroll the Arizona order.

    III.    The Arizona order is not enforceable in Mississippi.

    IV.    [Zyla] has unclean hands and has committed unjustifiable conduct.

**STANDARD OF REVIEW**

---

[3] Also of note, on September 3, 2015, an Arizona grand jury indicted Edwards and Kathryn on criminal charges relating to custodial interference.

5

¶10.    The Court's standard of review for chancery court cases is well-settled: The factual findings of a chancery court will not be disturbed absent a determination that the chancery court's findings are manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. *White v. White*, 26 So. 3d 342, 346 (¶10) (Miss. 2010) (quoting *R.K. v. J.K.*, 946 So. 2d 764, 774 (¶17) (Miss. 2007)). However, issues involving the chancery court's jurisdiction to hear a particular matter are questions of law which require the Court to apply a de novo standard of review. *In re Guardianship of Z.J.*, 804 So. 2d 1009, 1011 (¶9) (Miss. 2002) (citing *Burch v. Land Partners, L.P.*, 784 So. 2d 925, 927 (Miss. 2001)). Additionally, issues involving a county court's jurisdiction also receive de novo review. *Bronk v. Hobson*, 152 So. 3d 1130, 1132 (¶3) (Miss. 2014) (citing *City of Cherokee v. Parsons*, 944 So. 2d 886, 888 (¶6) (Miss. 2006)).

## ANALYSIS

### I.    Chancery Court Jurisdiction

¶11.    Edwards's primary argument on appeal is that the chancery court erred in deciding that it did not have jurisdiction to modify the Arizona custody agreement. Edwards specifically alleges that the youth court made a determination that the parties permanently had abandoned their Arizona residence; therefore, such finding acts as collateral estoppel to the chancery court's review of residency. Additionally, Edwards claims that Arizona no longer had home-state jurisdiction when he filed the chancery court action because they all, including Zyla, had abandoned their Arizona residency. Interestingly, Edwards also admits

6

that Mississippi did not have home-state jurisdiction either. Finally, Edwards maintains that the chancery court abused its discretion in several of its factual determinations.

¶12. First, it is beneficial to lay out a few pertinent parts of the UCCJEA. Mississippi Code Section 93-27-203 provides that a Mississippi court "may not modify a child custody determination made by a court of another state unless" a Mississippi court "has jurisdiction to make an initial determination [of custody] under [Mississippi Code] Section 93-27-201(a) or (b)[.]" Thus, the first step in any analysis regarding a Mississippi court's right to modify another state's existing custody determination begins with determining whether a Mississippi court satisfies either Section 93-27-201(1)(a) or Section 93-27-201(1)(b).

¶13. Section 93-27-201 addresses a Mississippi court's ability "to make an initial child custody determination[,]" which can arise when Mississippi "is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six (6) months before the commencement of the proceeding and the child is absent from [Mississippi] but a parent . . . continues to live in [Mississippi.]" Miss. Code Ann. § 93-27-201(1)(a) (Rev. 2013). Mississippi Code Section 93-27-102(g) defines the term "home state" as the state in which the child lived with a parent for at least six consecutive months immediately before the commencement of the custody proceeding. For either the parent or child, "[a] period of temporary absence . . . is part of the period." Miss. Code Ann. § 93-27-102(g) (Rev. 2013). Edwards correctly notes that Mississippi was not the home state of the children because they had not lived in Mississippi for six consecutive months at the time he filed his initial action in chancery court. Since Section 93-27-201(1)(a) has not been

satisfied, we continue the analysis to determine whether a Mississippi court has the ability to make an initial custody determination under Section 93-27-201(1)(b).

¶14.    Section 93-27-201(1)(b) provides that a Mississippi court may make an initial determination when a court of another state does not have jurisdiction under subsection (a) or a court of the child's home state declines to exercise jurisdiction because Mississippi is the more appropriate forum.  Putting aside an analysis as to whether Arizona was still the home state under Section 93-27-201(a), Mississippi still does not have authority to make an initial custody determination under Section 93-27-201(1)(b).  To satisfy Section 93-27-201(b), we also must determine if the child and the child's parent(s) "have a significant connection" with Mississippi, other than just physical presence, *and* substantial evidence is available in Mississippi "concerning the child's care, training, and personal relationships." Miss. Code Ann. § 93-27-201(1)(b)(i-ii) (Rev. 2013).  We are not aware of any Mississippi cases that define what is considered a significant connection with Mississippi.  The evidence presented at trial was that the children came to Mississippi every summer to stay with their grandparents, and it appears that the bulk of Edwards's family lives in Mississippi.  It also appears that the Mississippi grandparents are involved in the children's lives.  Additionally, Edwards offered testimony from the children's teachers that the children are involved and thriving students in their schools.  On the other hand, Arizona has been the children's home for the entirety of their lives until they came to Mississippi in 2013, so the majority of their social, medical, and school histories are based in Arizona.  At the time Edwards filed his suit, he and the children had been in Mississippi for only a couple of months and had not

8

established a connection with Mississippi beyond their presence and the presence of his family. Ultimately, at the time Edwards filed his suit, he and the children lacked significant connection to Mississippi.

¶15. Because Mississippi does not have the ability to make an initial custody determination under Section 93-27-201, it follows that Mississippi does not have the ability to modify the Arizona custody determination under Section 93-27-203. Therefore, we conclude that the chancery court correctly determined that it lacked authority to modify the Arizona custody determination based on Zyla's residence in Arizona.

## II.    County Court Jurisdiction

¶16. Edwards also challenges Zyla's attempt to register and enforce the modified Arizona custody determination in the county court.

¶17. Mississippi Code Section 93-27-305 provides the procedure for the registration of a custody determination issued by another state. *See* Miss. Code Ann. § 93-27-305 (Rev. 2013). The custody determination "may be registered in this state, with or without simultaneous request for enforcement, by sending to the *chancery clerk's office* of any county in this state . . . ." *Id.* (emphasis added). The statute later refers to the "registering court," and Edwards contends the Legislature clearly intended the chancery court to be the sole place for the registration of custody determinations based on the above-italicized language. He points out that the chancery clerk is the clerk for the chancery court, while the circuit clerk is the clerk for the county court; thus, according to Edwards, "the only fair reading of the

9

phrase 'registering court' in [Section 93-27-305], is that it means 'chancery court.' Any other interpretation would require a strained and unreasonable reading of the statute."

¶18. Additionally, Edwards claims that the county court does not fall within the definition of "court" as defined for the UCCJEA in Section 93-27-102(f). The word "court" is defined as "an entity authorized under the law of a state to establish, enforce, or modify a child custody determination." Miss. Code Ann. § 93-27-102(f) (Rev. 2013). Edwards relies on *Bronk v. Hobson*, 152 So. 3d 1130 (Miss. 2014), which involves the Uniform Law on Paternity and not the UCCJEA, as support for his position that county courts do not have concurrent jurisdiction with chancery courts to make custody determinations. Therefore, according to Edwards, because county courts lack jurisdictional authority to establish, enforce, or modify a custody determination under the Uniform Law on Paternity, the county court should not be considered a "court" under the UCCJEA either and should not be permitted to register and enforce the Arizona custody determination.

¶19. Edwards's first argument is persuasive. The UCCJEA statute clearly labels the chancery clerk's office as the entity to register an out-of-state, custody determination; therefore, it follows logically that the chancery court would be the proper court to handle the registration and enforcement of out-of-state custody determinations. A discussion of whether concurrent jurisdiction exists between chancery court and county court is unnecessary in light of the clear statutory language. We reverse the county court's registration of the Arizona judgment and dismiss the case for Zyla to file her registration in chancery court pursuant to Section 93-27-205, should she choose to pursue it.

10

### III. ARIZONA ORDER

¶20. While acknowledging that the issue is "not squarely before this Court in the instant appeal," Edwards next claims that the modified custody determination from Arizona is unenforceable in Mississippi because he never has had an opportunity "to contest the validity of the judgment in a Mississippi court of competent jurisdiction." Because chancery court and not county court is the proper venue to register out-of-state custody determinations, the issue is not properly before the Court. The validity and UCCJEA compliance of the Arizona judgment may be addressed if Zyla chooses to have it registered and enforced in chancery court.

### IV. UNCLEAN HANDS

¶21. Lastly, Edwards claims that Zyla has unclean hands and has committed unjustifiable misconduct. However, Edwards does not specify the relief he is seeking, though it appears he uses the issue mainly to point out Zyla's character flaws and problems. Edwards also does not cite any authority, so we decline to address the issue. *See* M.R.A.P. 28(a)(7); ***Blakeney v. McRee***, 188 So. 3d 1154, 1165 (¶28) (Miss. 2016).

### CONCLUSION

¶22. We hold that an Arizona court is more appropriate to hear the instant case, so we affirm the chancery court's judgment. With regard to the interlocutory appeal from the county court, we reverse the county court's registration of the Arizona judgment due to the county court's lack of jurisdiction to register and enforce out-of-state custody determinations and remand the case to the county court to dismiss it for lack of jurisdiction.

¶23.    **AS TO NO. 2015-IA-00805-SCT: REVERSED AND REMANDED.**
**AS TO NO. 2015-CA-00891-SCT: AFFIRMED**.

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, KING, MAXWELL AND BEAM, JJ., CONCUR.**